# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK BARTELL, <u>ET AL.</u>,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| v. | : | **No. 2:19-cv-6056** |
| **COMMUNITY COLLEGE OF PHILADELPHIA, <u>ET AL.</u>,** | : | |
| *Defendants.* | : | |
| **CAROL STEIN, <u>ET AL.</u>,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| v. | : | **No. 2:19-cv-6057** |
| **COMMUNITY COLLEGE OF PHILADELPHIA, <u>ET AL.</u>,** | : | |
| *Defendants.* | : | |
| **MARGARET STEPHENS, <u>ET AL.</u>,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| v. | : | **No. 2:20-cv-1659** |
| **COMMUNITY COLLEGE OF PHILADELPHIA, <u>ET AL.</u>,** | : | |
| *Defendants.* | : | |

| THOMAS J. QUINN, | : | |
| :--- | :--- | :--- |
| | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 2:20-cv-1666 |
| | : | |
| COMMUNITY COLLEGE OF PHILADELPHIA, <u>ET AL.</u>, | : | |
| | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

Goldberg, J.                                                                                          April 21, 2021

## **<u>MEMORANDUM OPINION</u>**

Plaintiffs, who are comprised of both current and former faculty members of the Community College of Philadelphia (the "College"), filed these age discrimination actions after the College eliminated their positions through a pre-retirement workload plan. Plaintiffs have sued the College and its president, Dr. Donald Guy Generals, pursuant to the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Pennsylvania Human Relations Act, and the Americans with Disabilities Act. Defendants moved to dismiss all claims in each case. For the following reasons, I will grant in part and deny in part Defendants' Motions.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

Each of the named Plaintiffs are over the age of forty and were previously employed as full-time faculty members at the College. Around 2015, the College offered its employees the

---

[1]   On May 20, 2020, I consolidated the above-captioned cases for purposes of discovery only. (Dkt. No. 19-5056, Doc. No. 8). Because the issues forecasted in Defendants' Motions to Dismiss substantially overlapped, I also encouraged the parties to file consolidated Rule 12(b)(6) briefs. The parties have done so and have acknowledged that the factual allegations are nearly identical across all four Complaints. Therefore, for the sake of consistency, I shall reference the factual allegations from the <u>Bartell</u> action (Dkt. No. 19-5056).

[2]   The following facts are taken from the Complaints and will be viewed in the light most favorable to Plaintiffs. <u>Atiyeh v. Nat'l Fire Ins. Co. of Hartford</u>, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

option of participating in a pre-retirement workload option, which Plaintiffs refer to as the "Indefinite Pre-Retirement Position" (the "Program").³ Pursuant to the Program, qualifying full-time faculty members over the age of fifty-five, could elect to take a position with a reduced workload and half the salary, while maintaining full benefits, such as health insurance coverage for family members. Once an employee elected to assume a position within the Program, the employee was permitted to maintain a reduced workload schedule with full benefits for the duration of their employment. (Bartell Compl., ¶¶ 5, 19–25, Dkt. No. 19-5056, Doc. No. 1.)

Between 2015 and 2019, each of the Plaintiffs qualified for the Program and elected to assume a position under the conditions set forth above. The Complaints do not specify what the exact reduced hours were for each Plaintiff but does state that their workload was "reduced by half." (Id. at ¶¶ 27–29.) In April 2019, the College notified Plaintiffs that it was eliminating the Program, such that Plaintiffs' positions with the above conditions would end. The College "demanded" that Plaintiffs either retire or take a new position with double their existing workload. (Id. at ¶¶ 25, 27–31, 39.)

Some Plaintiffs elected to assume a role with double their existing workload and others retired. Again, the Complaints do not state with any specificity what those increased hours entailed. No College employee under the age of forty was forced to retire or increase their workload. Plaintiffs allege that Defendants eliminated the positions within the Program to intentionally remove older employees based on the College's negative stereotypes and assumptions about older workers. Plaintiffs further contend that the College also believed that the makeup of the faculty was too old. (Id. at ¶¶ 1, 33, 37–40, 44.)

---

³ Defendants assert that the Program was titled the "Pre-Retirement Workload 50% Option." For purposes of this motion, I need not resolve this dispute.

On December 20, 2019, Plaintiffs filed suit raising claims for (1) Age Discrimination (Disparate Treatment) in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (2) Age Discrimination (Disparate Impact) in violation of the ADEA, 29 U.S.C. § 621, *et seq.*; (3) Declaratory Relief for violation of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626, *et seq.*; (4) violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 954; and (5) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, on behalf of Plaintiff Bartell only.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for

relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint, unless amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

Defendants seek dismissal of all claims, contending that the Complaints fail to allege sufficient factual support that the College eliminated the Program because of age-based animus.[4] In opposition, Plaintiffs maintain that their factual allegations pass 12(b)6 scrutiny.

### A. Age Discrimination in Employment Act and Pennsylvania Human Relations Act Claims (Counts I, II, and IV)

Plaintiffs' age discrimination claims pertain to disparate treatment, pursuant to the ADEA (Count I), disparate impact, pursuant to the ADEA (Count II), and the corresponding state law claims, pursuant to the PHRA (Count IV).

The ADEA states that it shall be unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions,

---

[4] Defendants also maintain that the College's decision to eliminate the Program was the product of an agreement between the College and the Faculty & Staff Federation of the Community College of Philadelphia, Local 2026, AFT, AFL-CIO (the "Federation"), which represents the College's faculty. Because this argument goes beyond the Complaints' allegations, it is more appropriately raised after the pleading stage.

5

or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1).[5] The phrase "because of" signifies that age must be more than a "motivating factor" in the employer's action. Gross v. FBL Fin. Services, Inc., 557 U.S. 167, 175–80 (2009).

Age discrimination cases may be established by direct or indirect evidence. "Direct evidence, if believed by the trier of fact, proves the existence of the ultimate fact in issue, i.e., an adverse employment action arising from age-based animus, without inference or presumption, while indirect evidence requires the trier of fact to infer discrimination based upon the circumstances surrounding the adverse employment action." Connors v. Chrysler Fin. Corp., No. 96-2231, 1997 WL 799459, at *5 (E.D. Pa. Dec. 31, 1997) (citing Torre v. Casio, Inc., 42 F.3d 825 (3rd Cir. 1994)). If such claim is based on indirect evidence, the plaintiff must utilize the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id.

### i. Disparate Treatment Claims (Counts I and IV)

To establish a *prima facie* case of age discrimination based on disparate treatment, a plaintiff must demonstrate that "(1) [he] is forty years of age or older; (2) the defendant took an adverse employment action against him; (3) [he] was qualified for the position in question; and (4) [he] was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013). When a plaintiff is not replaced, they can, nonetheless, satisfy this fourth element by either: "(1) introduc[ing] evidence of comparators (i.e., similarly situated employees who (a) were not members of the same protected class and (b) were treated more favorably under similar

---

[5] The Third Circuit has determined that "interpretation of the PHRA is identical to that of federal anti-discrimination laws, including the ADEA," and thus, the same analysis applies to each. Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015).

6

circumstances); or (2) rely[ing] on circumstantial evidence that otherwise shows a causal nexus between his membership in a protected class and the adverse employment action." Ellis v. Bank of New York Mellon Corp., No. 18-1549, 2020 WL 2557902, at *10 (W.D. Pa. May 20, 2020).

"[O]n a motion to dismiss, there is no need for plaintiff to establish a *prima facie* case of age discrimination, or to tailor his pleadings to the specific elements typically required of an employment discrimination plaintiff to survive a motion for summary judgment." Satterfield v. Consol Pa. Coal Co., No. 06-1262, 2007 WL 2728541, at *4 (W.D. Pa. Sept. 17, 2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508–15 (2002)) (observing that "the court's inquiry [when reviewing a motion to dismiss] is limited to the question of whether plaintiff's allegations relating to an alleged violation of the ADEA set forth a claim upon which relief may be granted"); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 564 (3d Cir. 2002) ("[A] complaint need . . . "not [provide] a detailed recitation of the proof that will in the end establish such a right.").

Here, Defendants do not dispute that Plaintiffs were over forty, suffered adverse employment actions, and were qualified for their positions. Rather, Defendants contend that Plaintiffs fail to allege facts to support the fourth element—that but for Plaintiffs' ages, the College would not have decided to eliminate the Program.

Plaintiffs point to the following allegations, which they contend sufficiently plead that age-based animus was the reason that the College eliminated their positions within the Program:

- Defendants eliminated their positions within the Program to intentionally remove older employees based on the College's negative stereotypes and assumptions about older workers. (Bartell Compl. ¶¶ 39, 40.)

- The College believed that the makeup of the faculty was too old. (Id. ¶ 44.)

- No College employee under the age of forty was forced to retire or increase their workload. (Id. ¶¶ 37–38.)

7

Even viewing the first two assertions in the light most favorable to Plaintiffs, these statements are conclusory and speculative. Trelenberg v. 21st Century Ins. & Fin. Servs., Inc., No. 12-3603, 2013 WL 3914468, at *13 (E.D. Pa. July 30, 2013) (dismissing an ADEA claim because the plaintiff "allege[d] no facts that give rise to anything more than pure speculation that she was terminated on account of her age."); Pina v. Henkel Corp., No. 07-4048, 2008 WL 819901, at *4 (E.D. Pa. Mar. 26, 2008) (same). Plaintiffs' contentions that the College maintained negative stereotypes and assumptions about older workers, without more, cannot survive Rule 12(b)(6) scrutiny.

As for Plaintiffs' third contention, that no employee under forty was required to retire or increase their workload, it appears that Plaintiffs are attempting to establish the fourth element of a disparate treatment claim through circumstantial, comparator evidence. When relying upon indirect evidence, an employee can "satisfy[y] this burden of production by showing, inter alia, that similarly situated persons outside the relevant protected class were treated more favorably than he or she." Alinoski v. Musculoskeletal Transplant Found., Inc., 679 F. App'x 224, 226 (3d Cir. 2017). This analysis is "a fact-intensive inquiry based on a whole constellation of factors." Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 306 (3d Cir. 2004). "Factors relevant to making this determination include: whether the two employees dealt with the same supervisor, had the same job description, were subject to the same standards, engaged in the same conduct, and the particular criteria or qualifications identified by the employer as the reason for the adverse action." Ellis, 2020 WL 2557902, at *11 (citing Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998)). Context matters such that the "focus on whether the comparators were treated more favorably focuses on the particular criteria or qualifications

identified by the employer as the reason for the adverse action." Epps v. First Energy Nuclear Operating Co., No. 11-1462, 2013 WL 1216858, at *17 (W.D. Pa. Mar. 25, 2013).

Here, the Complaints make no attempt to establish that the Plaintiffs, in their employment with the College, were "similarly situated" with College employees under the age of forty. In fact, the Complaints are devoid of any facts about Plaintiffs' or the under-forty-year-old employees' respective supervisors, job descriptions, work standards, conduct, or position qualifications. Plaintiffs' allegations appear to foreclose the possibility of succeeding on a "similarly situated" theory because Plaintiffs have readily admitted that only individuals over the age of fifty-five could elect to assume a position within the Program. Therefore, a comparison to any employee under the age of fifty-five would necessarily highlight the *lack* of similarities between their roles since Plaintiffs, unlike College employees under forty, worked less than full-time and received less compensation.

Accordingly, as Plaintiffs failed to plausibly plead the fourth element of their *prima facie* case, I will dismiss the disparate treatment claims in Counts One and Four without prejudice and will afford Plaintiffs leave to amend if they can, in good faith, allege sufficient facts to support these claims.

ii. Disparate Impact Claims (Counts II and IV)

"Disparate-impact claims do not require proof of discriminatory intent. Rather disparate impact redresses policies that are fair in form, but discriminatory in operation." Allen v. Sch. Reform Comm'n, No. 15-6105, 2017 WL 467411, at *2 (E.D. Pa. Feb. 3, 2017) (citations and internal quotation marks omitted). To establish a *prima facie* case of age discrimination based on disparate impact, a plaintiff must "(1) identify a specific, facially neutral policy, and (2) proffer

9

statistical evidence that the policy caused a significant age-based disparity." Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 69 (3d Cir. 2017).

A facially neutral employment policy is one that does not classify employees based on age or other protected categories. Bryan v. Gov't of Virgin Islands, 916 F.3d 242, 247 (3rd Cir. 2019) (citing Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Johnson Controls, Inc., 499 U.S. 187, 198–99 (1991) (finding facial discrimination in policy that classified employees "on the basis of [protected categories, such as] gender and childbearing capacity")). "At the pleading stage, however, a plaintiff need only plead that a facially neutral practice's adverse effects fall disproportionately on a group protected by [the ADEA] to which the plaintiff belongs." Reese v. Source 4 Tchrs., No. 17-4588, 2018 WL 3752987, at *3 (E.D. Pa. Aug. 8, 2018).

Defendants seek dismissal of the disparate impact claims, arguing that Plaintiffs' Complaints fail to allege a facially neutral policy. Defendants contend that the only policy identified—the College's decision to eliminate the Program—is <u>not</u> facially neutral because only individuals over the age of fifty-five were eligible for the Program. Plaintiffs respond that the College's policy of eliminating the Program is facially neutral, even though the Program's underlying benefits are not.

I conclude that the decision to eliminate the Program, as opposed to its creation, is the proper focus. And, considering the facts alleged in the light most favorable to Plaintiffs, I conclude that Plaintiffs have properly identified a specific, facially neutral policy. Indeed, the decision to eliminate the Program and the implementation of that decision did not distinguish among the College's employees based on age or any other protected category.

The College's policy of eliminating the Program is analogous to the policy considered in Bartholomew v. Lowe's Home Centers, LLC, No. 19-695, 2020 WL 321372, at *4 (M.D. Fla. Jan. 21, 2020), which was found to be facially neutral. In Bartholomew, the defendant company initially offered and later eliminated a commission payment program, which was alleged to have benefited sales employees over the age of forty. Id. In denying the defendant company's motion to dismiss the disparate impact claim, the district court determined that the policy at issue—the defendant company's decision to eliminate the commission program—was, in fact, facially neutral because it did not delineate amongst employees based on a protected category. Id. at *4–5; see also Reese, 2018 WL 3752987, at *6 (denying a motion to dismiss a disparate impact claim, finding that the plaintiff sufficiently pled that the defendant company's refusal to hire candidates with criminal records was a facially neutral policy); see also United States v. Pennsylvania, 110 F. Supp. 3d 544, 553 (M.D. Pa. 2015) (denying a motion to dismiss a disparate impact claim, concluding that plaintiffs sufficiently alleged that the Commonwealth of Pennsylvania implemented facially neutral policies of requiring applicants for state trooper positions to pass certain physical fitness tests).

Defendants' reliance on Allen v. School Reform Commission is not persuasive because the policy reviewed therein is distinguishable. 2017 WL 467411, at *2. In Allen, the policy considered was one in which a school district promoted principals, who were younger than forty years old, over existing assistant principals, who were over the age of forty-five. Id. at *3. The policy in Allen was found to be facially discriminatory because it delineated amongst employees on the basis of age. Id. Conversely, here, the College's decision made no such distinction. Similar

11

to the policy analyzed in Bartholomew, I conclude that the College's elimination of the Program is a facially neutral policy.[6]

Therefore, Defendants' Motions to Dismiss the disparate impact claims in Counts Two and Four of Plaintiffs' Complaints will be denied.

### iii. Claims Against Dr. Generals Individually (Count IV)

Defendants next seek dismissal of the PHRA aiding and abetting claims brought against Dr. Donald Guy Generals individually. Defendants argue that dismissal is proper because Plaintiffs failed to name Dr. Generals in their charges of discrimination to the Pennsylvania Human Relations Commission ("PHRC"), such that Plaintiffs have failed to exhaust their administrative remedies. In opposition, Plaintiffs admit that they did not name Dr. Generals in their charges of discrimination to the PHRC but argue that they satisfied an exception to the exhaustion requirement, claiming that (a) Dr. Generals received notice of their charges of discrimination and (b) shares a commonality of interest with a party named in the charges—the College.

"Before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the . . . PHRC [] or EEOC." Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) (citing Kunwar v. Simco, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); 43 Pa. Cons. Stat. § 962). This administrative "complaint must name the individual(s) alleged to have violated the PHRA." DuPont v. Slippery Rock Univ. of Pennsylvania, No. 11-1435, 2012 WL 94548, at *3 (W.D. Pa. Jan.11, 2012) (citing 43 Pa. Cons. Stat. § 959(a)). "The purpose of requiring an

---

[6] While not challenged by Defendants, I note that Plaintiffs have alleged that the elimination of the Program caused a statistically disparate impact on employees over the age of forty. Bartholomew, 2020 WL 321372, at *4 (denying a motion to dismiss a disparate impact claim because plaintiffs alleged that a facially neutral policy adversely impacted older employees); Reese, 2018 WL 3752987, at *6 (denying a motion to dismiss a disparate impact claim because plaintiffs alleged that a facially neutral policy adversely impacted older employees).

12

aggrieved party to resort first to the [PHRA or] EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1987) (citations omitted).

Generally, when an aggrieved party fails to name an individual defendant in his administrative complaint, he is precluded from later filing suit against that individual. Jankowski v. Fanelli Bros. Trucking Co., No. 13-2593, 2014 WL 1612600, at *5 (M.D. Pa. Apr. 22, 2014) (citing Schafer v. Bd. of Pub. Educ., 903 F.2d 243, 251 (3d Cir. 1990)). However, the Third Circuit has articulated an exception to this rule "when the unnamed party received notice and when there is a shared commonality of interest with the named party." Schafer, 903 F.2d at 252 (applying the exhaustion exception in the context of a Title VII claim).

> As for the notice requirement, a district judge within this Circuit has explained:
>
> Multiple district courts in the Eastern District of Pennsylvania have . . . considered the "notice" element of the Schafer exception, and concluded that when a plaintiff fails to name individual defendants in the body of the EEOC complaint, these defendants have not been put on notice that they could be sued in their *individual* capacities—even when they were *aware* of the complaint's existence.

Hills, 978 F. Supp. 2d at 473 (emphasis in original) (collecting cases). Conversely, other courts within this Circuit have permitted plaintiffs "to proceed with his or her claim despite failing to name a defendant as a respondent or in the body of the administrative complaint so long as the []Schafer exception is satisfied." Jankowski, WL 1612600, at *7 (collecting cases).

I find McInerney v. Moyer Lumber & Hardware, Inc. to be particularly instructive on this issue. 244 F. Supp. 2d 393 (E.D. Pa. 2002). In McInerney, the plaintiff filed suit and raised PHRA claims against her former employer and the company's owner. Id. at 396. The owner, in turn, filed a motion to dismiss the PHRA claims, arguing that the plaintiff failed to exhaust her remedies for failing to name him in the charge of discrimination before the EEOC. Id. at 398. On review,

the court noted that the charges of discrimination did not name the company owner and did not contain any allegations against him in his individual capacity. Id. at 399. Thus, the court dismissed the company owner with prejudice, explaining:

> As the owner of [the defendant company], Defendant [owner] certainly had notice that his company was under investigation for discriminatory conduct. As such, he surely recognized that he may be subject to suit in his official capacity as owner of the business. However, there is nothing in the administrative complaints to suggest that [plaintiff] sought to charge Defendant [owner] in his *individual* capacity. . . Accordingly, Defendant [owner] could not have had any notice that he would be subject to suit in his individual capacity

Id. (emphasis in original).

Here, the charges of discrimination neither name Dr. Generals nor contain any allegations about his conduct or involvement in eliminating the Program.[7] As was the case in McInerney, while Dr. Generals may have been on notice of the charges of discrimination relative to his official capacity, as the College's president, there is nothing to suggest that he would be sued in his *individual* capacity. Therefore, as for Dr. Generals individually, Plaintiffs have failed to satisfy the first prong of the Schafer exception for exhausting their administrative remedies.

Accordingly, because amendment on this claim would be futile, the individual claims against Dr. Generals will be dismissed with prejudice.

---

[7] The charges of discrimination were not attached to Plaintiffs' Complaints but were submitted with Defendants' Motions to Dismiss. (See Ex. A, ECF No. 16-2.) As a general rule, a district court considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "may not consider matters extraneous to the pleadings" without converting the motion into one for summary judgment. In re Burlington Coat Factory Secs. Litg., 114 F.3d 1410, 1426 (3d Cir. 1997). The rule, however, has three exceptions that permit courts to consider: (1) exhibits attached to the complaint; (2) matters of public record; and/or (3) undisputedly authentic documents integral to or explicitly relied upon in the complaint. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Here, I conclude that the charges of discrimination are integral and explicitly relied upon in the Complaints. Plaintiffs do not dispute the authenticity of these documents. Therefore, I will consider them.

## B. Declaratory Relief for Violation of the Older Workers Benefit Protection Act Claim (Count III)

Plaintiffs also seek declaratory judgments that the College violated the OWBPA. Plaintiffs appear to seek a judicial determination that they did not—through Plaintiffs' involvement in the Federation's negotiations with the College during and following the elimination of the Program—waive their ability to sue the College pursuant to the ADEA.

The College seeks dismissal of these claims pursuant to Rules 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction.[8] The College clarifies that it "has not asserted (and does not intend to assert) that the Plaintiffs individually released their claims pursuant to valid waiver." (Defs.' Mem. of Law at 11, Doc. No. 16-2.) In response, Plaintiffs reiterate allegations from their Complaints.

Plaintiffs' declaratory judgment claims appear to be a preemptive response to a predicted defense by the College, a defense that the College clearly admits that it does not intend to pursue. A similar issue was considered in Horowitz v. AT&T Inc., No. 17-4827, 2018 WL 1942525, at *21 (D.N.J. Apr. 25, 2018), opinion clarified on denial of reconsideration by No. 17-4827, 2019 WL 77306 (D.N.J. Jan. 2, 2019). In Horowitz, the court dismissed a claim seeking declaratory relief that the defendants violated the OWBPA. Id. at *21. The court concluded that it lacked Article III standing because the plaintiff's claim sought a judicial "declaration of their rights under a hypothetical set of facts." Id. Similarly, here, Plaintiffs seek declaratory judgment relative to a defense that the College flatly admits that it has not and does not intend to pursue. "No Article III case or controversy arises when plaintiffs seek a declaratory judgment as to the validity of a

---

[8] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or a case. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Id. at 302 n.3 (quotation omitted).

15

defense that a defendant may, or may not, raise in a future proceeding." McLeod v. Gen. Mills, Inc., 856 F.3d 1160, 1167 (8th Cir. 2017) (citation omitted).

Accordingly, I do not have jurisdiction over Plaintiffs' declaratory judgment claims. Because amendment on these claims would be futile, these claims will be dismissed with prejudice.

### C. Americans with Disabilities Act Claim on Behalf of Plaintiff Bartell (Count V)

In the Bartell action only, Plaintiff Frank Bartell, asserts claims against the College for disability discrimination and failure to accommodate in violation of the ADA. The College seeks dismissal of these claims, arguing that Plaintiff Bartell fails to allege facts showing that the College took any adverse action against him based on his purported disability.

To establish a *prima facie* case of disability discrimination, a plaintiff must demonstrate that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

The College argues only that Plaintiff Bartell has failed to satisfy the third pleading requirement. Accepting the allegations in the Bartell Complaint as true, he has pled that he is disabled within the meaning of the ADA and that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations. (Bartell Compl., ¶¶ 48–49, 89–90.) He also pled that he suffered an adverse employment decision—that his position within the Program was eliminated and, as a result, he was forced to retire. (Id. at ¶¶ 33, 52.) However, the Complaint is devoid of factual allegations to establish that this adverse employment action was a result of his disability. Worthington v. Chester Downs & Marina, LLC, No. 17-1360, 2017 WL 3457031, at *4 (E.D. Pa. Aug. 11, 2017) (dismissing an ADA disability discrimination

defense that a defendant may, or may not, raise in a future proceeding." McLeod v. Gen. Mills, Inc., 856 F.3d 1160, 1167 (8th Cir. 2017) (citation omitted).

Accordingly, I do not have jurisdiction over Plaintiffs' declaratory judgment claims. Because amendment on these claims would be futile, these claims will be dismissed with prejudice.

### C. Americans with Disabilities Act Claim on Behalf of Plaintiff Bartell (Count V)

In the Bartell action only, Plaintiff Frank Bartell, asserts claims against the College for disability discrimination and failure to accommodate in violation of the ADA. The College seeks dismissal of these claims, arguing that Plaintiff Bartell fails to allege facts showing that the College took any adverse action against him based on his purported disability.

To establish a *prima facie* case of disability discrimination, a plaintiff must demonstrate that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

The College argues only that Plaintiff Bartell has failed to satisfy the third pleading requirement. Accepting the allegations in the Bartell Complaint as true, he has pled that he is disabled within the meaning of the ADA and that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations. (Bartell Compl., ¶¶ 48–49, 89–90.) He also pled that he suffered an adverse employment decision—that his position within the Program was eliminated and, as a result, he was forced to retire. (Id. at ¶¶ 33, 52.) However, the Complaint is devoid of factual allegations to establish that this adverse employment action was a result of his disability. Worthington v. Chester Downs & Marina, LLC, No. 17-1360, 2017 WL 3457031, at *4 (E.D. Pa. Aug. 11, 2017) (dismissing an ADA disability discrimination

defense that a defendant may, or may not, raise in a future proceeding." McLeod v. Gen. Mills, Inc., 856 F.3d 1160, 1167 (8th Cir. 2017) (citation omitted).

Accordingly, I do not have jurisdiction over Plaintiffs' declaratory judgment claims. Because amendment on these claims would be futile, these claims will be dismissed with prejudice.

### C. Americans with Disabilities Act Claim on Behalf of Plaintiff Bartell (Count V)

In the Bartell action only, Plaintiff Frank Bartell, asserts claims against the College for disability discrimination and failure to accommodate in violation of the ADA. The College seeks dismissal of these claims, arguing that Plaintiff Bartell fails to allege facts showing that the College took any adverse action against him based on his purported disability.

To establish a *prima facie* case of disability discrimination, a plaintiff must demonstrate that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

The College argues only that Plaintiff Bartell has failed to satisfy the third pleading requirement. Accepting the allegations in the Bartell Complaint as true, he has pled that he is disabled within the meaning of the ADA and that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations. (Bartell Compl., ¶¶ 48–49, 89–90.) He also pled that he suffered an adverse employment decision—that his position within the Program was eliminated and, as a result, he was forced to retire. (Id. at ¶¶ 33, 52.) However, the Complaint is devoid of factual allegations to establish that this adverse employment action was a result of his disability. Worthington v. Chester Downs & Marina, LLC, No. 17-1360, 2017 WL 3457031, at *4 (E.D. Pa. Aug. 11, 2017) (dismissing an ADA disability discrimination

defense that a defendant may, or may not, raise in a future proceeding." McLeod v. Gen. Mills, Inc., 856 F.3d 1160, 1167 (8th Cir. 2017) (citation omitted).

Accordingly, I do not have jurisdiction over Plaintiffs' declaratory judgment claims. Because amendment on these claims would be futile, these claims will be dismissed with prejudice.

### C. Americans with Disabilities Act Claim on Behalf of Plaintiff Bartell (Count V)

In the Bartell action only, Plaintiff Frank Bartell, asserts claims against the College for disability discrimination and failure to accommodate in violation of the ADA. The College seeks dismissal of these claims, arguing that Plaintiff Bartell fails to allege facts showing that the College took any adverse action against him based on his purported disability.

To establish a *prima facie* case of disability discrimination, a plaintiff must demonstrate that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

The College argues only that Plaintiff Bartell has failed to satisfy the third pleading requirement. Accepting the allegations in the Bartell Complaint as true, he has pled that he is disabled within the meaning of the ADA and that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations. (Bartell Compl., ¶¶ 48–49, 89–90.) He also pled that he suffered an adverse employment decision—that his position within the Program was eliminated and, as a result, he was forced to retire. (Id. at ¶¶ 33, 52.) However, the Complaint is devoid of factual allegations to establish that this adverse employment action was a result of his disability. Worthington v. Chester Downs & Marina, LLC, No. 17-1360, 2017 WL 3457031, at *4 (E.D. Pa. Aug. 11, 2017) (dismissing an ADA disability discrimination

claim because the complaint did "not allege any facts to show that the alleged adverse employment action—his termination—was a result of discrimination") (citations omitted).  Therefore, Plaintiff Bartell's disability discrimination claim will be dismissed.

To establish a *prima facie* case for failure to accommodate, a plaintiff must demonstrate that "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated."  Capps v. Mondelez Global, LLC, 847 F.3d 144, 157 (3d Cir. 2017) (citations omitted).

The College argues that Plaintiff Bartell has failed to allege that he requested or that the College refused to provide reasonable accommodations.  Viewing the Complaint in the light most favorable to Plaintiff Bartell, while he alleges that he had a disability and that the College knew about it, (Bartell Compl., ¶¶ 48–50), the Complaint lacks any factual support for the remaining requirements of a failure to accommodate claim.

Because amendment on both of Plaintiff Bartell's ADA claims could cure the deficiencies outlined above, his claims will be dismissed without prejudice and he will be afforded leave to amend.

## IV. CONCLUSION

For the foregoing reasons, I will grant in part and deny in part Defendants' Motions to Dismiss.  An appropriate Order follows.